UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ERIK B. CHERDAK,

    Plaintiff,

v.

SEAN L. MCKIRDY and
ROBERT NUTINI,

    Defendants.

Civil Action No. TDC-19-1246

## MEMORANDUM ORDER

On July 27, 2020, this Court granted Defendants' Motion to Dismiss and thereby dismissed Plaintiff Erik B. Cherdak's Second Amended Complaint ("the Dismissal Order"). ECF Nos. 46, 47. On August 27, 2020, Cherdak filed a notice of appeal of the Dismissal Order ("the Notice of Appeal"), one day after the expiration of the 30-day period for filing such a notice as set forth in Federal Rule of Appellate Procedure 4(a)(1)(A). ECF No. 48. Defendants filed a Motion to Dismiss the appeal as untimely with the United States Court of Appeals for the Fourth Circuit.

In an order issued on February 25, 2021, the Fourth Circuit noted that while Cherdak conceded that the Notice of Appeal was untimely, he asserted that his failure to file a timely notice of appeal "should be excused because the courthouse was closed to the general public and he was isolating after being exposed to an individual with COVID-19 and experiencing symptoms of the disease." Remand Order at 2, ECF No. 53. Accordingly, the Fourth Circuit remanded this case "for the limited purpose of allowing the district court to determine the credibility of these contentions and if the appeal period should be reopened or extended," and to supplement the record on this matter. *Id.*

This Court then ordered briefing on these issues from the parties and asked whether either side requested an evidentiary hearing on the factual issues in the case. In his brief, Cherdak requested that the Court issue an order concluding that the Notice of Appeal was timely filed or, in the alternative, that it treat the brief as a Motion to Reopen or Extend the Time Period for Filing a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) and 4(a)(6). After receiving the briefs and their accompanying exhibits, hearing from both sides at a Case Management Conference on October 7, 2021, and reviewing a Joint Status Report on the factual contentions, the Court determined that no evidentiary hearing was required because Defendants did not contest Cherdak's factual assertions regarding his quarantine relating to COVID-19 or the circumstances of his filing of the Notice of Appeal at the United States Courthouse in Greenbelt, Maryland ("the Courthouse") on August 27, 2020, and the lone disputed issue of the operating status of the Courthouse could be resolved without such a hearing.

## DISCUSSION

As a threshold issue, the Court notes that in his brief, Cherdak suggests that this Court "could have a conflict of interest in deciding this matter" because it is the Court's own Dismissal Order that is on appeal, but Cherdak has not filed a motion for recusal. Pl.'s Brf. at 10 n.6, ECF No. 56. Even if he had, such a motion would be denied. United States district judges routinely consider issues involving their own orders, including on remand from a United States Court of Appeals, and where Cherdak has not specified a basis for recusal and the Fourth Circuit has explicitly instructed this Court to make findings, recusal is not warranted.

Upon consideration of the record, and for the reasons stated below, the Court concludes that the Notice of Appeal was not timely filed, and that the appeal period should not be reopened or extended.

I.      **Factual Findings**

In his verified brief, Cherdak asserts that after experiencing certain symptoms, he received a COVID-19 test during a visit to a medical provider on August 18, 2020, and that the medical provider recommended that he "self quarantine" until he received the results. Pl.'s Brf. at 7. According to Cherdak, he remained in self-quarantine until August 27, 2020, when he was notified that his test results were negative and advised that he could visit the Courthouse. Defendants do not dispute that Cherdak was quarantining due to possible exposure to COVID-19 between August 18, 2020 and August 27, 2020 and that Cherdak was not able to leave quarantine any earlier than mid-day on August 27, 2020. Defendants also do not dispute Cherdak's claim that because of the quarantine, he was unable to physically mail the Notice of Appeal between August 18, 2020 and August 27, 2020. The Court therefore accepts these assertions as true.

Cherdak also contends that he visited the Courthouse on August 27, 2020 to file the Notice of Appeal, that the glass front doors were locked when he arrived, that he was initially "flagged away" by a U.S. Marshal, but that when he explained through the door that he needed to make a filing, he was permitted to enter for two minutes to place his Notice of Appeal in the Courthouse drop box. *Id.* at 9-10. Defendants do not contest these facts, so the Court accepts them as true.

Defendants, however, dispute Cherdak's broader claim that the Courthouse was "closed to the public in August 2020." Joint Status Report ("JSR") at 2, ECF No. 63. In support of this contention, Cherdak asserts that based on his August 27, 2020 visit, the Courthouse was "closed to the public with locked front doors and not generally accessible without specific permission provided by the U.S. Marshals posted at the front doors." JSR at 4. This specific assertion, which is not contested, does not establish that the Courthouse was closed for all purposes, particularly for the filing of documents in pending cases. As of August 2020, the United States District Court

for the District of Maryland was operating under Standing Order 2020-11, *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308 (D. Md. May 22, 2020) (ECF No. 103), of which the Court takes judicial notice with the consent of the parties, as stated during the October 7, 2021 Case Management Conference. *See* Fed. R. Evid. 201(b)(2). Standing Order 2020-11 specifically states that "although physical access to the [Courthouse] presently remains restricted, the Court remains open for all filings," and that self-represented litigants "may deposit and date-stamp papers in drop boxes at each courthouse" in the District. Standing Order 2020-11 at 4. The Standing Order thus definitively establishes that while physical access to the Courthouse was restricted, the Court was open for filings by litigants. Indeed, as Cherdak's account establishes, Cherdak's access to and use of the Courthouse's drop box on August 27, 2020 followed the exact procedure contemplated by Standing Order 2020-11, thus confirming that litigants who visited the Courthouse would be admitted for the limited purpose of filing a document by placing it in the Courthouse's drop box. Cherdak has provided no evidence to show that the filing access available on August 27 was unavailable on August 26, the date that the Notice of Appeal was due. Accordingly, while the Court accepts Cherdak's undisputed account of his visit to the Courthouse on August 27, 2020, it does not credit Cherdak's subsequent conclusion that the Courthouse was closed in a manner that prevented the filing of documents such as the Notice of Appeal.

## II.     Reopening or Extending the Appeal Period

Under Federal Rule of Appellate Procedure 4, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Because the Dismissal Order was entered on July 27, 2020, the 30-day period for Cherdak to file his Notice of Appeal expired on August 26, 2020. Noting that Cherdak conceded

4

that his Notice of Appeal filed on August 27, 2020 was untimely, the Fourth Circuit has directed this Court to determine "if the appeal period should be reopened or extended." Remand Order at 2.

Before addressing this question, the Court first considers Cherdak's argument that the Notice of Appeal was timely filed because the August 26, 2020 deadline was actually extended pursuant to Federal Rule of Appellate Procedure 26, which provides that "if the clerk's office is inaccessible . . . on the last day for filing . . . then the time for filing is extended to the first accessible day." Fed. R. App. 26(a)(3)(A). Cherdak argues that the Court's clerk's office was inaccessible until September 28, 2020, when the Court entered Phase III of its COVID-19 recovery plan and permitted a limited return of staff to courthouse offices. *See* Order, *In Re: COVID-19 Pandemic Procedures*, No. 20-0146 (D. Md. Sept. 23, 2020) (ECF No. 25). However, as discussed above, the Court remained open for public filings throughout August 2020 because Standing Order 2020-11 established, and Cherdak's own experience confirmed, that the Courthouse remained open for filings by litigants. The Court therefore rejects the argument that the filing deadline was extended and that the Notice of Appeal was thus timely filed.

On the issue of whether the time period for filing a notice of appeal should be reopened, a district court may reopen the time to file an appeal for a 14-day period upon motion if "the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry," the "motion is filed within 180 days after the . . . order is entered or within 14 days after the moving party receives notice," and "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6). Cherdak, however, has neither claimed nor established that he failed to receive notice of the Dismissal Order, so reopening is not warranted.

As for an extension, a district court "may extend the time to file a notice of appeal" if (1) "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires"; and (2) "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). Because the time for filing a notice of appeal prescribed by Rule 4(a) expired on August 26, 2020, Cherdak's 30-day period to file a motion for an extension of that deadline expired on September 25, 2020. Cherdak, who is an attorney and has prior experience in civil litigation in this Court, did not file such a motion during that period. Though the Notice of Appeal itself was filed within the requisite period for a motion for an extension, a "bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest." *Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc); *accord Nichols v. Saul*, 847 F. App'x 185, 185 (4th Cir. 2021). Cherdak's Notice of Appeal did not request an extension of the filing deadline. Thus, even if Cherdak's medical condition and quarantine status on August 26, 2020 would have established excusable neglect or good cause to extend the time to file the Notice of Appeal, Rule 4 does not provide an avenue to do so because Cherdak failed to move for an extension within the designated time period. Where Cherdak did not comply with the requirements necessary for this Court to reopen or extend the appeal period, the Court finds that neither is permitted.

Accordingly, it is hereby ORDERED that:

1. Cherdak's Motion to Reopen or Extend the Time Period to File a Notice of Appeal, ECF No. 56, is DENIED.
2. The Clerk shall transmit this Order and all filings and accompanying exhibits relating to the remand order, ECF Nos. 54-63, to the United States Court of Appeals for the Fourth Circuit as part of the record on appeal.

3. Cherdak is granted leave to file a Motion to Seal within **14 days** of the date of entry of this Order. The Motion may not exceed five pages in length and must (1) state whether Defendants consent to the Motion; (2) identify the specific records that Cherdak seeks to seal; and (3) provide a legal basis for sealing.

Date:  November 3, 2021

THEODORE D. CHUANG
United States District Judge